**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARGARET NORTH,**

           **Plaintiff,**

-vs-                                        **Case No. 6:08-cv-2020-Orl-31DAB**

**PRECISION AIRMOTIVE**
**CORPORATION, et al.,**

           **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion for Summary Judgment (Doc. 91) filed by the Defendant, Precision Airmotive Corporation ("Precision"), the response (Doc. 104) filed by the Plaintiff, and the reply (Doc. 113) filed by Precision. By order dated December 10, 2010 (Doc. 157), the Court addressed the damages issues raised in the Motion for Summary Judgment. This order addresses the remaining issues.

**I.  Background**

Robert North ("North") died on December 2, 2006, when his airplane crashed near Mt. Snow, Vermont. The Plaintiff is his widow and the administratrix of his estate. She contends that the crash was caused by the failure of an engine component manufactured by Precision's predecessor. (For simplicity's sake, both entities are referred to throughout this order as "Precision"). She seeks to recover against Precision under theories of strict product liability, negligence, and misrepresentation. Precision seeks summary judgment as to Plaintiff's misrepresentation claim and her failure-to-warn theory, which is asserted as part of Plaintiff's

strict liability and negligence claims. Plaintiff, who resides in Sarasota, seeks recovery under Florida law. (Doc. 2 at 2, 8).

## II.     Legal Standards

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the

non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir 1994).

**III. Analysis**

    **A. Misrepresentation Claim**

Under Florida law, to prevail on a negligent misrepresentation claim, a plaintiff must establish the following:

> (1) misrepresentation of a material fact; (2) the representor must either know of the misrepresentation, must make the representation without knowledge as to its truth or falsity, or must make the representation under circumstances in which he ought to have known of its falsity; (3) the representor must intend that the representation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation.

*Atlantic Nat. Bank of Florida v. Vest*, 480 So. 2d 1328, 1331-32 (Fla. 2d DCA 1985) (citations omitted). To prevail on a claim of fraudulent misrepresentation – which Plaintiff also asserts in this case – a plaintiff must demonstrate the existence of: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation. *Johnson v. Davis*, 480 So.2d 625, 627 (Fla.1985) (citing *Huffstetler v. Our Home Life Ins. Co.*, 67 Fla. 324, 65 So. 1 (1914)).[1] A fact is material if, but for the alleged nondisclosure or misrepresentation, the complaining party would not have entered into the transaction. *Id.* at 1332. Materiality is normally a question of fact. *Id.* Florida law does not

---

[1] Thus, both types of misrepresentation claims require reliance on the part of the plaintiff, but only in a negligent misrepresentation claim must that reliance be "justifiable."

permit a misrepresentation claim based on reliance on the part of others. *Maling Corp. v. Ladan Corp.*, 85 So. 2d 607, 608-09 (Fla. 1956).

The Plaintiff contends that the crash that killed North was caused by a failure in the airplane's fuel control system, which was manufactured by Precision and which, in Plaintiff's view, was defective in numerous ways – defectively designed, defectively manufactured, and accompanied by defective and inadequate instructions, warnings, and other information. (Doc. 2 at 21-23). The Plaintiff asserts that, for many years, Precision and its predecessor

> have and continue to intentionally and/or negligently generate, prepare and distribute product literature, service and maintenance information and communications for aircraft manufacturers, owners and aircraft maintenance facilities which contained false representations that the fuel control system and fuel delivery systems used on aircraft similar to the accident aircraft were safe various [sic] as described herein were not in the engines and fuel control systems of said engines, including the accident system, and said misrepresentations were intended to induce and mislead persons to believe that the engines and fuel control systems installed on the accident aircraft were safe.

(Doc. 2 at 35-36). The Plaintiff asserts that she and North "had no prior knowledge" of the alleged defects and "justifiably reli[ed]" on the alleged misrepresentations made by Precision and its predecessor. Plaintiff does not identify in the Complaint any statement that North received, knew about, or relied upon.

The Plaintiff contends that Precision had various federal reporting obligations, including an obligation to report failures and design defects to the Federal Aviation Administration. (Doc. 104 at 9). The Plaintiff contends that Precision failed to abide by these reporting obligations, which were designed to protect the public, and that members of the public can demonstrate reliance simply by showing that they used Precision's product. (Doc. 104 at 11). The Plaintiff cites to no case law that supports this conclusion. Plaintiff does cite to the case of *Florida Mining &*

*Materials v. Perkins*, 612 So. 2d 667 (Fla. 1st DCA 1993), a workers' compensation case in which the employer asserted a defense based on a misrepresentation made by the employee during the hiring process.  However, this case does not support Plaintiff's argument.

The employee was seeking workers' compensation for a back injury allegedly suffered while working for Florida Mining & Minerals.  *Id.* at 668.  Despite being asked about previous injuries on the job application, the employee failed to disclose that he had suffered a back injury at a previous job.  *Id.*  There was no direct testimony that Florida Mining & Minerals would not have hired this particular employee if he had been truthful about the previous injury.  *Id.*  However, there was testimony about the general procedures and policies at Florida Mining & Minerals, which included a policy not to hire individuals for the particular job at which the employee worked if the individuals disclosed prior back strains or spinal injuries, due to the heavy labor involved in the job.  *Id.*  The court held that this evidence of general hiring practices and the practice of asking potential employees about previous injuries was enough to support a conclusion that the employer relied upon the employee's misrepresentation.  *Id.* at 668-69.

In this case, the Plaintiff has not pointed to any evidence even remotely similar to the policies-and-practices evidence that was found to be sufficient in *Florida Mining & Minerals*.  As an example, the Plaintiff has not identified any particular FAA report that Precision should have made but failed to do so, much less presented evidence that North had a practice of responding in a particular way to such reports.  Indeed, the Plaintiff has not presented evidence that North ever reviewed such FAA reports or even knew of their existence.  Simply stated, the Plaintiff has failed to present any evidence from which a reasonable factfinder could determine that North relied on

Precision's silence. Because Plaintiff cannot demonstrate reliance, justifiable or otherwise, Precision is entitled to summary judgment on the misrepresentation claim.[2]

### B. Federal Preemption

In her strict liability and negligence counts, the Plaintiff asserts (in numerous different ways) that Precision failed to provide adequate warnings and instructions. The Plaintiff bases these assertions on state law and purported industry standards. Precision argues that these assertions are preempted by federal law.

The Supremacy Clause of the United States Constitution provides that the laws of the United States "shall be the supreme law of the land . . . anything in the Constitution or laws of any State to the contrary notwithstanding." U.S. Const. art. VI. Thus, state law that conflicts with federal law is "without effect". *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) (citing *Maryland v. Louisiana*, 451 U.S. 725, 744-46, 101 S.Ct. 2114, 2128, 68 L.Ed.2d 576 (1981)). Whether federal statutes or regulations preempt state law is "a question of congressional intent." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485, 116 S.Ct. 2240, 2250, 135 L.Ed.2d 700 (1996). The United States Supreme Court has identified three types of preemption: (1) express preemption, where Congress has manifested its intent to preempt state law explicitly in the language of the statute; (2) field preemption, where federal regulation in a legislative field is so pervasive that it can reasonably be inferred that Congress left no room for the states to supplement it; and (3) conflict preemption, where it is impossible to comply with both

---

[2]Plaintiff also asserts that the misrepresentation claim is "subject to the rules concerning negligence per se," which does not require proof of reliance. (Doc. 104 at 11). Plaintiff does not cite to any authority permitting this sort of transformation of her cause of action.

federal and state law, or where state law stands as an obstacle to achieving the objectives of federal law. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1265 (11th Cir. 2004) (citations omitted).

Precision contends that federal law preempts state law in the field of aviation safety, and therefore federal law is the exclusive source of any duty to warn. Most (but not all) of the Courts that have considered the preemption issue have reached the conclusion advocated by Precision. *See*, *e.g.*, *Abdullah v. American Airlines, Inc.*, 181 F. 3d 363 (3d Cir. 1999) (holding that legislative history of the Federal Aviation Act and its judicial interpretation indicated that Congress's intent was to federally regulate aviation safety, such that any state or territorial standards of care relating to aviation safety were preempted) *and Witty v. Delta Air Lines, Inc.*, 366 F.3d 380 (5th Cir. 2004) (holding that by implementing the Federal Aviation Act, Congress intended to occupy the field of aviation safety, and that federal regulatory requirements for passenger safety warnings and instructions preempted all state standards and requirements). However, among the minority of courts to have reached the opposite conclusion is the United States Court of Appeals for the Eleventh Circuit.

In *Public Health Trust of Dade County, Fla. v. Lake Aircraft, Inc.*, 992 F.2d 291, 292 (11th Cir. 1993), a passenger injured in an airplane crash brought negligence and strict liability claims against the entities that manufactured and sold the plane. The passenger argued that under state law, certain components of the plane were defective, even though they complied with federal design and performance standards. *Id.* The district court ruled that the passenger's state law claims were preempted by regulations promulgated under the Federal Aviation Act and entered summary judgment on behalf of the defendants. *Id.* The Court of Appeals reversed the decision, relying in

part on the Supreme Court's decision in *Cipollone.* In that case, the Supreme Court stated that "Congress's enactment of a provision defining the pre-emptive reach of a statute implies that matters beyond that reach are not pre-empted." *Cipollone*, 505 U.S. at 517, 112 S.Ct. at 2618.

The *Public Health Trust* court focused on a provision of the FAA, then found at 49 U.S.C.App. § 1305, which expressly preempted state laws "having a connection with or reference to airline rates, routes, or services."[3] *Id.* at 295. In accord with the quoted language of *Cipollone*, the appellate court reasoned that Congress's enactment of a provision defining certain items as preempted implied that items outside the scope of that provision were *not* preempted. *Id*. Because the passenger's design defect claims lay outside the scope of "rates, routes, and schedules," the court held that they were not preempted.

In several subsequent opinions, the Supreme Court has stated that it did not intend to announce a categorical rule in *Cipollone*. In particular, the Supreme Court has stated that the presence of an express preemption clause in a particular act does not necessarily preclude implied preemption of matters outside the scope of that clause. *See*, *e.g.*, *Freightliner Corp. v. Myrick*, 514 U.S. 280, 288, 115 S.Ct. 1483, 1488, 131 L.Ed.2d 185 (1994) (stating that express clause "does not . . . entirely foreclose" any possibility of implied preemption). Precision argues that the *Public Health Trust* decision was based on Supreme Court authority that has since been abandoned and "has little if any ongoing precedential value". (Doc. 91 at 28 n.7). However, the Supreme Court opinions cited by Precision leave open the possibility that the decision reached in *Public Health Trust* was correct – *i.e.*, that an express preemption clause may, in fact, indicate that Congress did

---

[3]This provision is now codified at 49 U.S.C. § 41713. To avoid confusion, this opinion will continue to refer to the provision by its designation at the time of the decision in *Public Health Trust*.

not intend for preemption to apply to any items outside the scope of that clause. And a review of the decision in *Public Health Trust* suggests that the Eleventh Circuit did not reach its conclusion by mechanically applying a rule from *Cipollone* or any other case. Rather, the court analyzed several parts of the Federal Aviation Act and based its holding on a conclusion that "section 1305 reliably indicates Congress's intent on state authority to regulate civil aviation." *Public Health Trust* at 295. Thus, an abandonment of the *Cipollone* "rule" would not require a reversal of the *Public Health Trust* decision.

Most importantly, however, the decision in *Public Health Trust* remains good law. Other courts have overturned decisions holding that Section 1305 alone defined the scope of preemption for the Federal Aviation Act. *See*, *e.g.*, *US Airways, Inc. v. O'Donnell*, 627 F.3d 1318 (10th Cir. 2010) (recognizing abrogation of *Cleveland v. Piper Aircraft Co.*, 985 F.2d 1438 (10th Cir. 1993)). The United States Court of Appeals for the Eleventh Circuit has not done so.[4] If the question were presented today, the Eleventh Circuit might very well reach a different conclusion. Until it does so, however, this court is bound to follow *Public Health Trust*.[5]

---

[4] The Court notes that some federal courts continue to reach the same conclusion as the *Public Health Trust* court, even though they have considered the question in the wake of the Supreme Court decisions relied upon by Precision. *See*, *e.g.*, *Sheesley v. The Cessna Aircraft Co.*, 2006 WL 1084103 (D.S.D. 2006) (noting split of authority as to preemption under Federal Aviation Act, examining cases and finding that Congress did not intend to preempt the field of aviation safety when it adopted the Act).

[5] Precision also argues that *Public Health Trust* is not binding because that case involved a design defect claim rather than the failure to warn claims at issue in this motion, but that is a distinction without a difference. State laws regarding warnings, just like state laws regarding component designs, would fall outside the scope of Section 1305, which is concerned with airline "rates, routes, and services". As such, the reasoning of *Public Health Trust* would compel a finding that Congress did not intend to preempt state laws regarding warnings.

Finally, Precision argues that it is entitled to summary judgment on the failure to warn claims because the Plaintiff lacks evidence that it violated any federal warning standards. However, under *Public Health Trust*, state warning standards would also apply. Accordingly, a lack of evidence of violations of federal standards, only, would not entitle Precision to summary judgment on this point.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Summary Judgment (Doc. 91) is **GRANTED IN PART AND DENIED IN PART** as set forth above and as set forth in this Court's order (Doc. 157) dated December 10, 2010.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 16, 2011.

_____
 **GREGORY A. PRESNELL**
 **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party